IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEENAN KESTER COFIELD | * | |
| Petitioner | | |
| v. | * | CIVIL ACTION NO. CCB-06-967 |
| NANCY L. ROUSE, WARDEN and | * | |
| THE ATTORNEY GENERAL OF THE | | |
| STATE OF MARYLAND | * | |
| | *** | |

**MEMORANDUM**

On April 10, 2006, this court received for filing the above-captioned 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner Keenan Kester Cofield seemingly attacks his theft and violation of probation convictions in the Circuit Court for Baltimore County.[1] Petitioner claims that his convictions were affirmed by the Court of Special Appeals of Maryland on January 20, 2004. Paper No. 1, Petition at 3, ¶ 8. A petition for writ of certiorari was denied by the Court of Appeals of Maryland on June 21, 2004. *Id*. at 3, ¶ 9. Petitioner alleges that a petition for writ of certiorari, filed with the Supreme Court, was denied on an unknown date. *Id*. at 3, ¶ 10. According to the petition, a post-conviction petition was filed in 2004, and remains pending in the Maryland courts. *Id*. at 3-4, ¶ 11.

Affording this § 2254 petition a generous construction, it appears that petitioner is alleging that:

(A)   his due process rights were violated under Maryland Rules 4-346 and 4-347;

(B)   the warrant and summons were not served properly under Maryland Rule 4-347;
(C)   the original warrant of arrest was not executed as required under Maryland Rule 212(d)(2);

---

[1]   According to the attachments, petitioner was convicted of theft over $500.00 and sentenced to five years suspended, eighteen months probation in 2002. Paper No. 1 at Attachments. In December of 2003, a Maryland Probation Officer recommended that a summons be issued charging petitioner with violations of the conditions of his probation. *Id*.

  (D)  the search warrant was not properly executed;

  (E)  the indictment was defective because it was not properly signed and did not contain necessary language required under state statute; and

  (F)  trial and appellate counsel were ineffective as petitioner should "never have pleaded not guilty to an agreed statement of facts" in light of the deficiencies set out in grounds (A) through (E).

  In his amendment/supplement, petitioner reiterates a number of his original claims in further detail, arguing that there was no compliance with Maryland Rules, which require that: (i) he be notified of the conditions and duration of his probationary period and the possible consequences of a probation violation; (ii) certain steps be taken when seeking to revoke probation; and  (iii) the warrant of arrest be issued with judicial intervention and properly executed and served . Paper No. 2.  He again claims that the indictment was defective.  *Id*.  Because he appears indigent, petitioner's motion to proceed in forma  pauperis shall be granted.  The petition shall, however, be dismissed without prejudice for the failure to exhaust state court remedies.

Analysis

  Before a petitioner seeks federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v. Boerckel*, 526 U. S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c).  In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings.  *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994).  The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and

squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001), *cf. Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *See O'Sullivan v. Boerckel*, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state supreme court. *Id.* at 847. Consequently, to the extent that petitioner now seeks to raise claims presented on direct appeal, it would appear on the face of the petition that such claims are exhausted.[2]

Petitioner, however, also raises grounds of ineffective assistance of trial and appellate counsel. Generally, the most appropriate way to raise a claim of ineffective assistance of counsel in the Maryland courts is by filing a post-conviction proceeding pursuant to the Maryland Uniform Post Conviction Procedure Act, Maryland Code, § 7-102 of the Criminal Procedure Article (2001). *See In re Parris W.*, 363 Md. 717, 726 (2001); *Ware v. State*, 360 Md. 650, 706 (2000). While it appears that petitioner filed a post-conviction petition in 2004, he indicates that the petition remains

---

[2] The court offers no comment on whether petitioner's claims involving alleged violations of Maryland Rules are colorable under § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (violations of state law and procedure which do not infringe on a specific federal constitutional protection are not cognizable under 28 U.S.C. § 2254).

pending in the state courts.  Because all claims raised in this petition have not been fairly presented to the state courts, the petition is not subject to substantive review in federal court at this time. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

For the aforementioned reasons, the court shall dismiss this petition without prejudice for the failure to exhaust state court remedies.  A separate Order follows.


   April 28, 2006                                                    /s/
                                                             Catherine C. Blake
                                                             United States District Judge